IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

In re:

RONALD ALAN GRACE and
JOSETTE RENEE GRACE,

Case No. 05-24883
Chapter 11 Reorganization

Debtors-in-Possession.

---

RONALD ALAN GRACE and
JOSETTE RENEE GRACE,

Plaintiffs,

V.

A.P. NO. 10-2040

GMAC MORTGAGE CORPORATION,

Defendant.

### AMENDED MOTION OF THE DEBTORS FOR ENTRY OF AN ORDER HOLDING GMAC MORTGAGE CORPORATION IN CONTEMPT AND FOR ENTRY OF A JUDGMENT FOR DAMAGES AND ATTORNEY FEES

The Debtors, Ronald Alan Grace and Josette Renee Grace, by Counsel, for their Amended Motion state as follows.

1. The Debtors filed their Chapter 11 Bankruptcy Petition in this Court on October 15, 2005. An Order reopening the case was entered by this Court on October 25, 2010.

2. On July 17, 2008, the Court entered an ORDER AMENDING AND CONFIRMING JOINT DISCLOSURE STATEMENT AND PLAN OF REORGANIZATION OF RONALD ALAN GRACE AND JOSETTE RENEE GRACE (the "Confirmation Order").

3. The Confirmation Order provides, among other things, for an amendment to the Plan whereby GMAC Mortgage Corporation ("GMAC"), agreed to split the difference between

$27,000.00, the amount at which GMAC valued the Debtors' property located 15083 MacCorkle Avenue, and $22,000.00, the amount at which the Debtors' valued this property in the Plan, thereby increasing GMAC's secured claim by $2,500.00 so that GMAC has a secured Class 2 Claim of $24,500.00, and a general unsecured claim of $2,427.84. The Confirmation Order further provides that GMAC agrees that its total secured claim of $24,500.00 shall be paid and amortized over ten years at 7%, resulting in payments of $284.47 per month, and that GMAC's total unsecured claim is $2,427.84, so that 15% of GMAC's unsecured claim, or $346.18, shall be paid over six years as a Class 5, General Unsecured Claim.

4. The Debtors are current in their Plan payments to GMAC. Despite numerous requests and demands by the Debtors, GMAC refuses to properly credit the payments made upon GMAC's secured claim in accordance with the Plan. The Debtors have repeatedly corresponded with GMAC requesting that GMAC comply with the Plan and properly credit the secured claim and properly report its status to the credit agencies. Attached as Exhibits A - P is correspondence by and between the Debtor's Counsel and GMAC or its Counsel. GMAC's refusal to properly comply with the Plan has resulted in adverse credit reports showing that GMAC's loan to the Debtor, secured by a Deed of Trust upon 15083 MacCorkle Avenue, is seriously past due and delinquent and in foreclosure. See, Exhibit Q, which is a copy of an October 2010, credit report showing severe delinquencies and that foreclosure proceedings started in March of 2010.

a. Additionally, GMAC continuously contacts the Debtor, Ronald A. Grace, and the Debtor's son, also named Ronald, demanding that payments be made on the loan in question and upon loans that were secured by property sold pursuant to Court Orders for which

2

GMAC received payment and for which deficiencies are treated and paid under the Plan as General Unsecured Claims.

5. GMAC's failure to properly credit the payments paid upon GMAC's secured claim under the Plan is willful and has caused material injury to the Debtors, including by reason of false credit reports that will continue to harm the Debtors in the future. GMAC's failure to properly credit the Plan payments is a violation of the injunction provisions of Bankruptcy Code, § 524(a)(2) and § 524(i), and GMAC should be held in contempt of Court and a Judgment Order should be entered in the Debtors' favor and against GMAC for the Debtors' actual damages, including emotional distress, and punitive damages sufficient to deter GMAC and those similarly situated from so acting in the future, plus interest, and the Debtors' reasonable costs and attorney fees incurred in communicating with GMAC and in pursuing this Motion.

6. The Debtors' Confirmed Plan provides that this Court shall retain jurisdiction to enter any Order, including injunctions, necessary to resolve any disputes arising under the Plan, to determine all questions in dispute under the Plan and to enforce and interpret the terms and conditions of the Plan. This Court jurisdiction to grant the relief requested pursuant to the provisions of 28 USC §§ 156, 157 and 1334, and Bankruptcy Code, §§ 105, 524, 541, 1129, 1141, and 1142.

**WHEREFORE,** based upon the foregoing, the Debtors respectfully request that this Court enter an Order holding GMAC Mortgage Corporation in contempt, and that the Court enter a Judgment Order in the Debtors' favor and against GMAC, for the Debtors' actual damages, including emotional distress, plus punitive damages, pre and post-judgment interest

and reasonable costs and attorney fees, and the Debtors respectfully request such other and further relief as this Court deems just and proper.

                                        RONALD ALAN GRACE
                                        JOSETTE RENEE GRACE

                                        **By Counsel**

_/s/ Christopher S. Smith_

Christopher S. Smith - WV State Bar #3457
Hoyer, Hoyer & Smith, PLLC
22 Capitol Street
Charleston, WV 25301
(304) 344-9821; (304) 344-9519 - Fax
Chris@hhsmlaw.com

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

In re:

RONALD ALAN GRACE and
JOSETTE RENEE GRACE,

Case No. 05-24883
Chapter 11 Reorganization

Debtors-in-Possession.

---

RONALD ALAN GRACE and
JOSETTE RENEE GRACE,

Plaintiffs,

V.

A.P. NO. 10-2040

GMAC MORTGAGE CORPORATION,

Defendant.

## CERTIFICATE OF SERVICE

I, Christopher S. Smith, hereby certify that on the 16th day of December, 2010, the foregoing **AMENDED MOTION OF THE DEBTORS FOR ENTRY OF AN ORDER HOLDING GMAC MORTGAGE CORPORATION IN CONTEMPT AND FOR ENTRY OF JUDGMENT FOR DAMAGES AND ATTORNEY FEES,** will be served automatically through the Court's electronic filing system, as follows:

>Christopher R. Arthur, Esquire
>Samuel I. White, P.C.
>300 Capitol Street, Suite 1600
>Charleston, West Virginia 25301

*/s/ Christopher S. Smith*
Christopher S. Smith